McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:05-CV-01559-AWI-SMS |
| Plaintiff, | |
| | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| APPROXIMATELY $67,350.00 IN U.S. CURRENCY, SEIZED FROM DELTA NATIONAL BANK SAFE DEPOSIT BOX NUMBER 23052, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant approximately $67,350.00 in U.S. Currency, seized on or about June 7, 2005, from Delta National Bank safe deposit box number 23052 (hereafter "defendant funds").

2. A Verified Complaint for Forfeiture *In Rem* was filed on December 6, 2005, seeking the forfeiture of the defendant funds, alleging said funds are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant funds constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

3. On December 9, 2005, in accordance with said Complaint, a Warrant and Summons for

Arrest of the defendant funds was issued and duly executed on December 27, 2005.

4. On or about December 28, 2005, a Public Notice of Arrest of the defendant funds appeared by publication in <u>The Modesto Bee</u>, a newspaper of general circulation in the county in which the defendant funds were seized (Stanislaus County). The Proof of Publication was filed with the Court on January 25, 2006.

5. In addition to the Public Notice of Arrest having been completed, actual notice was personally served upon Jason Lombardo, Gaylia Lombardo, and Justin Lombardo. Claimants Gaylia Lombardo and Justin Lombardo filed a Claim on January 11, 2006, and filed Answers to the Complaint on February 1, 2006.

6. To date, no other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

7. Claimants Gaylia Lombardo and Justin Lombardo and Potential Claimant Jason Lombardo represent and warrant that they are the sole owners of the defendant funds.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Claimants Gaylia Lombardo and Justin Lombardo and Potential Claimant Jason Lombardo, and all other potential claimants who have not filed claims in this action.

3. The defendant approximately $67,350.00 in U.S. Currency, seized from Delta National Bank safe deposit box number 23052, together with any interest that may have accrued on that amount, seized on or about June 7, 2005, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising

out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

    5.   Claimants Gaylia Lombardo and Justin Lombardo and Potential Claimant Jason Lombardo waive any and all claim or right to interest that may have accrued on the defendant funds.

    6. There was reasonable cause for the seizure and arrest of the defendant funds and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

    7.  All parties are to bear their own costs and attorneys' fees.

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed December 6, 2005 and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure of the defendant funds.

IT IS SO ORDERED.

**Dated:   April 1, 2008**                  **/s/ Anthony W. Ishii**
                                                  UNITED STATES DISTRICT JUDGE